IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH KEITH THOMAS,       )
                                 )
         Plaintiff,        )
                                 )
      v.                 )     CIVIL ACTION NO. 2:14cv1119-CSC
                                 )             (WO)
NANCY A. BERRYHILL,       )
Acting Commissioner of Social Security,[1]  )
                                 )
                                 )
        Defendant.     )

**MEMORANDUM OPINION AND ORDER**

On February 8, 2017, the plaintiff filed a petition for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking $23,966.00 in attorney's fees.[2]  (Doc. # 23).  According to the plaintiff, the Social Security Administration awarded him $95,864.00 in past due benefits and withheld $23,966.00 which represents 25 percent of the past due benefits awarded. (Doc. # 17).  The plaintiff requests the full amount withheld be awarded as attorney's fees pursuant to 42 U.S.C. § 406(b).  The United States objects "because the petition requests noncompensable time and . . . the requested award would be a windfall to Plaintiff's counsel."  (Doc. # 19).  The court gave the plaintiff an opportunity to respond to the United

---

[1]  Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.

[2]  On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 560 U.S. 586 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney.  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").  Consequently, it is the plaintiff and not plaintiff's counsel, who is seeking an award of attorney's fees.

States' objections, but he has filed no reply.

The plaintiff, Joseph Keith Thomas ("Thomas"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. On October 24, 2014, the plaintiff entered into a contingency fee agreement with counsel in which plaintiff agreed to payment of attorney's fees in the amount of 25 percent of any past due benefits awarded to plaintiff. (Doc. # 17, Ex. A). On October 29, 2014, the plaintiff sought review of the Commissioner's adverse decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. # 1). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties consented to entry of final judgment by the United States Magistrate Judge. On March 16, 2016, the court reversed and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On January 17, 2017, the plaintiff was awarded past due disability benefits. (Doc. # 17, Ex. C). The Social Security Administration withheld $23,966.00 from the plaintiff's past due benefits for payment of attorney's fees. (*Id*). The plaintiff seek the full amount as an award of fees for work in this court. The plaintiff indicates that he will not petition for an award of attorney's fees for work performed at the administrative level. *See* 42 U.S.C. § 406(a). Nonetheless, this court cannot award fees for work performed at the

administrative level.[3]  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *Gardner v. Mitchell*, 391 F.2d 582, 583 (5th Cir. 1968).[4]  "The statute deals with the administrative and judicial review stages discretely; § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  *Gisbrecht*, 535 U.S. at 794.  *See also Rice v. Astrue*, 609 F.3d 831 (5th Cir. 2010); *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006).

> This regime recognizes that the Commissioner and the courts operate in different spheres.  "The district court . . . may consider only court-related services in setting allowable fees for representation before it.  On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]."

*Rice*, 609 F.3d at 834.

Thus, the court cannot award the plaintiff fees for work performed at the administrative level.  "[T]he court does not make fee awards for work at the agency level,

---

[3]  42 U.S.C. 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was *represented before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation*, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b) (emphasis added).

[4]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

and the Commissioner does not make fee awards for work done before the court."
*McGraw*, 450 F.3d at 498.

The plaintiff seeks payment of fees from this court pursuant to 42 U.S.C. § 406(b).
Although the plaintiff requested $23,966.00 in fees be paid to his attorney, because the
court cannot compensate the plaintiff for work his attorney performed at the administrative
level, the court reduces the amount requested by $6,000.00 which is the maximum amount
authorized under 42 U.S.C. § 406(a)(2) for work at the administrative level.  After
deducting $6,000.00 from the request for fees in this court, $17,966.00 remains at issue for
an award of attorney's fees.

While the court may award attorney's fees, the award must be reasonable, and the
court has an independent duty to determine whether an award of fees is reasonable.  Implicit
in that definition is a requirement that both the hourly rate and the number of hours
expended be reasonable.  The court first turns to the reasonableness of the hourly rate.  A
fee of $17,966.00 would equate to an hourly rate of $701.80 for 25.60 hours of work
performed in this court.[5]  In *Grisbrecht*, the Supreme Court examined the question of
attorney's fees in conjunction with contingency fee agreements in Social Security disability
cases.  Specifically, the Court held that "§ 406(b) does not displace contingent-fee
agreements as the primary means by which fees are set for successfully representing Social
Security benefits claims in court.  Rather § 406(b) calls for court review of such

---

[5]  Without the adjustment, the plaintiff's request translates into an hourly rate of $936.17.

arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The contingency fee agreement in this case does not exceed the 25 percent ceiling established by § 406(b). However, it is not sufficient for the court to simply accept 25 percent of past due benefits as a reasonable attorney fee.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved.

535 U.S. at 808. Thus, the court must determine whether the amount of fees sought pursuant to the contingency fee agreement is reasonable.

"Within the 25 percent boundary . . . *the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered*." *Id.*, at 807 (emphasis added). The burden is on plaintiff's counsel to demonstrate that reasonableness of the requested fee. *Id*. The plaintiff is seeking attorney's fees for 25.60 hours of work over a seventeen month period. While this case was pending for seventeen months in this court, no action occurred after the Commissioner filed her brief on April 10, 2015 until the court's issued its opinion and judgment on March 16, 2016. In *Gisbrecht*, the court noted that if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 536 U.S. at 808. The plaintiff's counsel did not submit to the court his hourly rate for non-contingent fee work. Counsel has not argued, and the court does not find, that this case presented any greater risk of loss than the typical

5

social security disability case.  *See McGuire v. Sullivan*, 873 F.2d 974, 985 (7th Cir. 1989).[6]

The reduced hourly rate of the award would equal $701.80.  While this hourly rate is surely not determinative of reasonableness, a comparison of this rate to what counsel would bill for non-contingent fee work would be a legitimate indicator of reasonableness. Of course, the court's judgment about reasonableness must itself be tempered by *Gisbrecht's* conclusion that Congress meant to "contain" and not "outlaw" lawful contingent fee agreements.  Justice Scalia's observation that the *Gisbrecht* opinion does not provide a framework for analysis underscores the difficulty in "making reasonableness determinations" under *Gisbrecht*.  While the *Gisbrecht* court notes that district courts perform this function in a wide variety of contexts, the court does not give any context for making these decisions.  Although counsel has represented Social Security claimants before, there is the lack of evidence that this case was exceptional or that there was an increased possibility of loss.  In short, counsel has not met his burden of giving the court a framework within which to make a reasonable determination.  42 U.S.C. § 406(b) does not mandate an award of attorney's fees.  Consequently, the court concludes that counsel has failed to meet his burden of establishing that payment of 25% of the past due benefits would be reasonable under the circumstances of this case, and the court concludes that it is reasonable to reduce the amount of fees requested by 50% to $8,983.00.

---

[6]Cited with approval in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Furthermore, the court finds that the plaintiff's request for fees for various clerical tasks, including preparing summons and "receiving and reviewing" summons are unreasonable. These services do not require the professional skill or expertise of an attorney. Thus, the plaintiff is not entitled to compensation for performing these tasks. Accordingly, the court finds the following:

a.     October 29, 2014 claim of 0.2 hours to prepare summons, complaint and oath of inability to pay is excessive. The preparation of a summons is a clerical task. Therefore, the court reduces the claim of compensable hours for preparation of a summons by 0.1 hours.

b.     November 5, 2014 claim of 0.3 to receive and review a notice of summons is excessive. Thus, the court reduces this claim of compensable hours by 0.25 hours allowing 0.05 hours.

c.     Four claims of 0.1 hours each to review notice of service is excessive. Therefore, the court reduces each claim of compensable hours for receiving an order by 0.05 hours.

d.     February 4, 2015 claim of 0.5 to receive and review answer and transcript is excessive. Plaintiff's counsel separately billed 8 hours to review the administrative record. Thus, the court reduces this claim of compensable hours by 0.3 hours allowing 0.2 hours.

e.     March 23, 2016 claim for 4 hours to review the Court's memorandum opinion. Counsel billed four hours to review the court's twenty (20) page opinion which the court concludes is excessive. Thus, the court reduces this claim of compensable hours by 3 hours allowing 1 hour.

Based on the foregoing, the court reduces the total amount of compensable time by 3.55 hours and finds that 22.05 hours is compensable time.

7

A fee of $8,983.00 results in an hourly rate of $407.39 for 22.05 hours of work performed in this court.  Awarding the plaintiff a fee in the amount of $8,983.00 will not exceed 25% of the past due benefits.  For the reasons as stated, the court concludes that this is a reasonable fee for the work performed in this court.

Accordingly, it is

ORDERED that, pursuant to the 42 U.S.C. § 406(b), the motion for attorney's fees (doc. # 17) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED $8,983.00 as a reasonable attorney's fee in this case.

Done this 15th day of March, 2017.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE